

```
 1  KABATECK BROWN KELLNER LLP
    BRIAN S. KABATECK, SBN 152054
 2  350 S. Grand Avenue, 39th Floor
    Los Angeles, California 90071
 3  Telephone: (213) 217-5000
    Facsimile: (213) 217-5010
 4  bsk@kbklawyers.com

 5  YEGHIAYAN & ASSOCIATES
    Vartkes Yeghiayan, SBN
 6  535 North Brand Blvd., Ste. 270
    Glendale, California 91203
 7  Telephone: (818) 242-7400
    Facsimile: (818) 242-0114
 8  vartkesy@sbcglobal.net

 9  Attorneys for Plaintiffs
    Ofik Kyurkjian, et al.
10
    GERAGOS & GERAGOS
11  Mark J. Geragos, SBN 108325
    Shelley Kaufman, SBN 100696
12  350 S. Grand Avenue, 39th Floor
    Los Angeles, California 90071
13  Telephone: (213) 625-3900
    Facsimile: (213) 625-1600
14  mark@geragos.com

15  Attorneys for Plaintiffs
    Marie Benon and Vasken Ouzounian
16  and Vagram Topadzhikyan
```

**ORIGINAL**

FILED
CLERK, U S DISTRICT COURT
MAY 16 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

_X_ Priority
_X_ Send
___ Clsd
_X_ Enter
_X_ JS-5/JS-6
___ JS-2/JS-3

ENTERED
CLERK, U.S. DISTRICT COURT
MAY 18 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
MAY 15 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFIK KYURKJIAN, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>AXA, S.A., et al.,<br><br>    Defendants. | CASE NO.: CV 02-01750 CAS (MMx)<br><br>[PROPOSED]<br>**FINAL ORDER AND JUDGMENT**<br><br>Hon: CHRISTINA A. SNYDER<br>Dept.: 5 |
| VASKEN OUZOUNIAN, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs, | CASE NO.: CV 05-02596 |

75

— 1 —
[Proposed] Final Order and Judgment

vs.

AXA, S.A., et al.,
         Defendants.

Plaintiffs and AXA (as defined in the Settlement Agreement) entered into a Settlement Agreement on November 18, 2005. On November 28, 2005, this Court entered its Order of Preliminary Approval and scheduled a Final Fairness Hearing to determine, among other things, whether the proposed settlement ("Settlement") should be approved as fair, adequate and reasonable. Defined terms in this Final Order and Judgment shall have the same meanings as in the Settlement Agreement.

The Order of Preliminary Approval directed the Settlement Administrator selected by Class Counsel and approved by AXA to give notice of the proposed Settlement and the Final Fairness Hearing to Settlement Class members by publication. Based on declarations filed with the Court attesting to the publication of Class Notice, the Court finds that its directions with respect to the providing of notice of the Settlement to Settlement Class members have been met. Based upon the submissions of the Settling Parties,

**IT IS ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of this suit and personal jurisdiction over Plaintiffs and three of the Defendants – AXA Financial Inc., AXA Re Life Insurance Company, and AXA Reinsurance Company.

2. The Court has no personal jurisdiction over AXA, S.A., L'Union Compagnie D'Assurance Sur La Vie Humaine, L'Union Des Assurance de Paris-Vie (sued in the Actions as L'Union des Assurance de Paris), AXA France Assurance, AXA France Vie, Caisse Paternelle, La Confiance, and Nordstern Leben (collectively, the "Foreign AXA Entities"), since the Court acknowledges and takes

notice of (i) the Settling Parties' stipulation contained within the Settlement Agreement that the Court has no personal jurisdiction over the Foreign AXA Entities; (ii) AXA, S.A.'s and AXA France Assurance's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction which argues (a) the Foreign AXA Entities have no continuous and systematic activities in California subjecting them to the general jurisdiction of this Court, and (b) the mere fact that California residents claiming to be the beneficiaries of insurance contracts with the Foreign AXA Entities is insufficient to sustain specific jurisdiction over the Foreign AXA Entities; and (iii) the Settling Parties' stipulation contained within the Settlement Agreement that the arguments set forth in the Motion to Dismiss the Complaint for Lack of Personal Jurisdiction apply with equal or similar force to L'Union Compagnie D'Assurance Sur La Vie Humaine, L'Union Des Assurance de Paris-Vie (sued in the Actions as L'Union des Assurance de Paris), AXA France Vie, Caisse Paternelle, La Confiance, and Nordstern Leben.

3. This Final Order and Judgment incorporates herein and makes a part hereof (i) the Settlement Agreement dated November 18, 2005 (a copy of which, without exhibits, is appended hereto as Exhibit 1; and (ii) Exhibit A (Class Notice), Exhibit B (form of Final Order and Judgment), Exhibit C (Opt-Out form), Exhibit D (Order of Preliminary Approval), Exhibits E and El (setting forth the information to be contained on the Settlement Web Site), Exhibit F (Notice of Claim), and Exhibit G (list of individual payments to named Plaintiffs), all or which are exhibits to the Settlement Agreement. The Settling Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with this Final Order and Judgment or (ii) do not limit the rights of Settlement Class members; otherwise, such amendments, modifications, and expansions shall only be after notice to and approval of the Court.

4. A class for settlement purposes is hereby finally certified (the "Settlement Class") consisting of all beneficiaries, heirs of beneficiaries, owners, heirs of owners, and all other persons having any Claims under one or more Life Insurance Policies. The Settlement Class does not include those who submitted timely requests for exclusion (Opt-Out) from the Settlement Class or those who are subject to requests for exclusion from the Settlement Class timely submitted by another claimant with respect to the same Life Insurance Policy. "Claims" means any and all claims or potential claims of any nature, however they may be expressed, known or unknown, direct or indirect, under, concerning, or in any way arising out of or relating to the Life Insurance Policies, which any of the Plaintiffs or any of the Settlement Class members may have had, may now have, or may in the future have against any of the Released AXA Parties or any combination of them, whether or not such claims are or were time-barred under applicable law (including, without limitation, any and all claims for payment of death benefits, surrender values, cash values, endowments, or any other form of payment under the Life Insurance Policies). A "Life Insurance Policy" means a life insurance policy (which may include savings components or annuities) that (i) insured a life of, or was purchased by, a person of Armenian descent or ancestry and (ii) was issued at any time in the Turkish Ottoman Empire through and until the later of (a) December 31, 1920 or (b) such time as the Turkish Ottoman Empire ceased to exist, by (1) The Equitable Life Assurance Society of the United States, (2) L'Union Compagnie D'Assurance Sur La Vie Humaine (whose successors include, without limitation, L'Union des Assurance de Paris-Vie, sued in the Actions as L'Union des Assurance de Paris), (3) Caisse Paternelle, also known as "la Caisse Paternelle cie anonyme d'assurance mutuelles generale sur la vie humaine, en mutualite, a primes fixes et contre les accidents sur les chemins de fer"; (4) La Confiance, (5) The Mutual Life Insurance Company of New York, (6) Nordstern Lebenversicherungs AG, or (7) any of their respective predecessors, successors, or subsidiaries, provided that the

successor or subsidiary relationship with any of the six companies named herein was in existence prior to 1923.

5. For the reasons set forth below, the Settlement Class satisfies the prerequisites for certification under Federal Rules of Civil Procedure Rule 23, subdivisions (a) and (b)(3).

a. There is evidence that a significant number of Life Insurance Policies may remain unpaid. The persons holding claims under the Life Insurance Policies are therefore so numerous that joining all of them in a single action is not practical. Numerosity, as required by FRCP Rule 23(a)(1), is satisfied.

b. Plaintiffs assert that they, the Settlement Class members, and/or their predecessors were subjected to a common set of barriers to the making and payment of claims under the Life Insurance Policies, which raises common issues regarding the effect thereof. Additional common issues are raised by the Plaintiffs' assertions that Settlement Class members' satisfaction of the claim requirements under the Life Insurance Policies was excused by force majeure, that statutes of limitation were waived or do not apply, and that benefits under the policies are now payable in amounts that reflect the passage of time either as a result of adjustment for inflation or interest. Therefore, there are questions of law or fact common to the Settlement Class as required by FRCP Rule 23(a)(2).

c. The Claims of Plaintiffs and the Settlement Class arise out of the same factual background, are based on the same theories, and are subject to the same general defenses. The requirement of FRCP Rule 23(a)(3) is, therefore, satisfied,

d. The Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class as required by FRCP Rule 23(a)(4). Plaintiffs are represented by prominent counsel with extensive experience representing plaintiff classes in class actions generally, and insurance class actions in particular. In

addition, Plaintiffs' interests are not antagonistic to those of the Settlement Class members.

e. The criteria that determine whether an individual is within the Settlement Class or not are sufficiently definite and objective to permit a straightforward determination of membership in the Settlement Class. Although that determination will necessarily be individualized, the Settlement approved herein provides for such determination in a manner that avoids the manageability and superiority difficulties that might otherwise arise. Accordingly, the Court finds that the Settlement Class is sufficiently ascertainable to permit certification for settlement purposes.

f. Although each of the common issues presented overlaps with the individualized issues raised by each Settlement Class member's individual Claim, the Settlement approved herein provides a method for resolving those individual issues that is both efficient and fair to the Settlement Class members. Accordingly, there are sufficient common issues to meet the predominance requirement of FRCP Rule 23(b)(3) and certify the Settlement Class for settlement purposes.

6. The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of each of the Settling Parties and the Settlement Class members. The Settling Parties and Settlement Class members are hereby directed to implement and consummate the Settlement Agreement, according to its terms and provisions.

7. The Court finds that the publication of the Class Notice, combined with the availability of detailed information on the Settlement Web Site concerning the Actions, the Settlement and the Final Fairness Hearing, as provided for in my Order granting Plaintiffs' Motion for Preliminary Approval, (i) constituted the best notice practicable under the circumstances to Settlement Class members, (ii) constituted notice that was reasonably calculated, under the circumstances, to

apprise Settlement Class members of the pendency of the Actions, their right to opt out of the Settlement, their right to object to its terms, and their right to appear at the Final Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of the laws of the United States and the Federal Rules of Civil Procedure.

8. The Court finds that the notice materials and the notice methodology set forth in the Settlement Agreement (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class members, and (iii) comply fully with the laws of the United States and the Federal Rules of Civil Procedure.

9. The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect in all pending and future lawsuits maintained by Plaintiffs, or by any and every other Settlement Class member, as well as their heirs, executors and administrators, successors, and assigns. The Plaintiffs and Settlement Class members are barred and permanently enjoined from filing, commencing, prosecuting, intervening in, or participating as class members in, any lawsuits in any jurisdiction based on or relating to the Claims.

10. The following Release, which is also set forth in Section VII of the Settlement Agreement, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment; and the Released AXA Parties (as defined in the Settlement Agreement) are forever discharged from all such claims or liabilities:

"A. <u>Release</u>. As of the Settlement Date, the Plaintiffs and each of the Settlement Class members, together with each of their respective heirs, executors,

administrators, and their respective predecessors, successors, representatives and assigns, or any and all of them, for the exchange of good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, release and forever discharge the Released AXA Parties from (i) any and all Claims; (ii) any claims arising out of any and all acts, failures to act, omissions, facts, matters, events, transactions, occurrences, or oral or written statements or representations made or allegedly made in connection with or directly or indirectly relating to [the Settlement] Agreement, except nothing in this release shall preclude any action to enforce the terms of [the Settlement] Agreement; and, (iii) any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel, Plaintiffs or any Settlement Class member, or any of them, in connection with or related in any manner to the Actions, [the Settlement] Agreement or the administration of the settlement embodied in [the Settlement] Agreement, except to the extent otherwise encompassed within the Cost Fund described in Paragraph VI.C.3. [of the Settlement Agreement]. All matters released under this Paragraph VII.A. [of the Settlement Agreement] are hereinafter referred to as 'Released Claims.'

    B.   <u>Release of All Known and Unknown Claims Arising Out of or Related to Claims and/or Life Insurance Policies</u>. With respect to all Released Claims, Plaintiffs and all Settlement Class members acknowledge that it is possible that other injuries or damages not now known to them will develop or will discovered as related to the Life Insurance Policies, as defined in Definition 17 [of the Settlement Agreement] that were, should or could have been encompassed within the scope of the Actions and that [the Settlement] Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action therefor With respect to all Released Claims, each Settlement Class member and each Plaintiff hereby expressly, knowingly and voluntarily waives any rights under any statute or law that provides in substance that a general release does not extend to claims

which the Plaintiffs and/or Settlement Class members do not know or suspect exist at the time of the release, and any and all such future or potential claims are released, including without limitation the provisions of § 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Each Settlement Class member expressly, knowingly and voluntarily waives and relinquishes any and all rights and benefits which he or she may have under, or which may be conferred upon him or her by the provisions of §1542 of the California Civil Code, or any similar law or statute that he or she contends may apply to his or her Released Claims, to the fullest extent that he or she may lawfully waive such rights or benefits pertaining to the subject matter of [the Settlement] Agreement. In connection with such waiver and relinquishment, the Plaintiffs and Settlement Class members acknowledge that California law applies to and governs [the] Settlement Agreement as provided in Paragraph XVIII.T. [of the Settlement Agreement]; they further acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the subject matter of [the Settlement] Agreement, but that it is their intention to hereby fully, finally and forever settle and release all of the Released Claims. In furtherance of such intention, the releases given herein shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.

C. Class Counsel and the Plaintiffs agree that payment of the Settlement Amount by AXA, together with release of the Released Claims by Plaintiffs and the

Settlement Class members, is effective to release all interest, if any, of Class Counsel, Plaintiffs and the Settlement Class against the Released AXA Parties with respect to such Released Claims. AXA, AXA Counsel, Class Counsel and Plaintiffs agree not to file any motion for relief from the Final Order and Judgment or otherwise collaterally attack the Final Order and Judgment."

11. The independent investigation by counsel and experienced consultants, and/or experts, and the factual record compiled, suffice to have enabled the Settling Parties to make an informed decision as to the fairness and adequacy of the Settlement.

12. The Plaintiffs are authorized to receive the following amounts to compensate them for their Claims, the risks they took and time and effort they expended in initiating and prosecuting these actions:

Ofik Kyurkjian-$35,000   Vagram Topadzhikyan - $35,000
Krikor Yirikian -$35,000  Marie Benon Ouzounian and Vasken Ouzounian - $35,000

13. Any and all objections to the Settlement are hereby overruled and found to be without merit.

14. Neither this Final Order and Judgment nor the Settlement Agreement (nor any document incorporated or referenced herein or any action taken to carry out this Final Order any Judgment) is, may be construed as, or may be used as an admission or concession by or against AXA of the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Settlement Agreement (including the exhibits thereto), and any negotiations or proceedings related thereto, shall not in any event be construes as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by AXA, and shall not be offered or received in evidence in any action or proceeding against AXA in any court, administrative agency, or other tribunal for any purpose whatsoever, other than as evidence of the settlement or to enforce the

provisions of this Final Order and Judgment and the Settlement Agreement; provided however, this Final Order and Judgment anc the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released AXA Party (as defined in the Settlement Agreement) to support a defense of lack of personal jurisdiction, res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. These Actions, including all individual claims and Claims presented herein, are hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class members, without fees or costs to any party except, consistent with Paragraphs VI.C.3 and XIV.A of the Settlement Agreement, as may be approved and awarded by the Court pursuant to Class Counsels' application for fees and costs.

16. Without affecting the finality of this Order, the Court reserves exclusive and continuing settlement jurisdiction of the Actions, all Settling Parties (as defined in the Settlement Agreement) and Settlement Class members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement, except that the Court shall not have such settlement jurisdiction as to those entities over whom the Settling Parties have acknowledged and stipulated that the Court has no personal jurisdiction, as set forth in paragraph 2 above.

17. It is adjudged that Plaintiffs and all Settlement Class members take nothing by reason of this suit against AXA, except as expressly granted by this Order or the Settlement Agreement as approved herein.

**IT IS SO ORDERED.**

Dated: 5/16/06

_Christina A. Snyder_
CHRISTINA A. SNYDER
UNITED STATES JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 350 South Grand Avenue, 39th Floor, Los Angeles, CA 90071.

On the execution date below, I served the foregoing document described as:

**PROPOSED FINAL ORDER AND JUDGEMENT**

on all interested parties through their respective attorneys of record in this action:

| | |
|---|---|
| Vartkes Yeghiayan<br>YEGHIAYAN & ASSOCIATES<br>535 North Brand Blvd., Suite 270<br>Glendale, CA 91203 | Brian S. Kabateck (By Personal Delivery)<br>KABATECK BROWN KELLNER<br>350 South Grand Ave., 39th Floor<br>Los Angeles, CA 90071 |
| Fred W. Reinke<br>LeBOEUF, LAMB, GREENE & MacREA LLP<br>1875 Connecticut Avenue, N.W., Suite 1200<br>Washington, D.C. 2009-5728 | Barry A. Fisher<br>FLEISHMAN & FISHER<br>1875 Century Park East, Suite 2130<br>Los Angeles, CA 90067 |
| Jared M. Katz<br>LeBOEUF, LAMB, GREENE & MacrREA LLP<br>725 South Figueroa Street, suite 3100<br>Los Angeles, CA 90017 | |

## METHOD OF SERVICE

☒ (BY FACSIMILE TRANSMISSION) Before mailing, I caused the above-described documented to be transmitted via electronic facsimile.

☒ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above addressee(s).

I declare under penalty of perjury that the above is true and correct.

Executed on __May 15, 2006__, at Los Angeles, California 90071.

_____
Meline Martirosian