1  KABATECK BROWN KELLNER LLP
   Brian S. Kabateck, SBN 152054
2  644 South Figueroa Street
   Los Angeles, California 90017
3  Telephone: (213) 217-5000
   Facsimile: (213) 217-5010
4  bsk@kbklawyers.com

5  YEGHIAYAN & ASSOCIATES
   Vartkes Yeghiayan, SBN 41773
6  535 North Brand Blvd., Ste. 270
   Glendale, California 91203
7  Telephone: (818) 242-7400
   Facsimile: (818) 242-0114
8  vartkesy@sbcglobal.net

9  GERAGOS & GERAGOS
   Mark J. Geragos, SBN 108325
10 Shelley Kaufman, SBN 100696
   644 South Figueroa Street
11 Los Angeles, California 90017
   Telephone: (213) 625-3900
12 Facsimile: (213) 625-1600
   mark@geragos.com

13 Attorneys for Plaintiffs and Class

**ORIGINAL**

14            UNITED STATES DISTRICT COURT
15            CENTRAL DISTRICT OF LOS ANGELES

| | |
|---|---|
| OFIK KYURKJIAN, et al., individually and on behalf of all others similarly situated, <br>            Plaintiffs, <br>   vs. <br><br>AXA, S.A., et al., <br>            Defendants. <br>and <br><br>VASKEN OUZOUNIAN, et al., individually and on behalf of all others similarly situated, <br>            Plaintiffs, <br>   vs. <br><br>AXA, S.A., et al., <br>            Defendants. | Case No. CV 02-01750 CAS <br>c/w: CV 05-02596 <br><br>**PLAINTIFF'S EX PARTE APPLICATION TO SEAL DOCUMENTS PURSUANT TO LOCAL RULE 79-5** <br><br>Judge: Hon. Christina A. Snyder |

1

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Rule 79-5, plaintiff Class Counsel seeks to seal Exhibits "B" and "F" of Plaintiffs' Motion for Approval of Partial Disbursement of Settlement Funds. Class Counsel seeks to file these exhibits under seal because the exhibits consist if the names of claimants whose claims have been either approved or rejected by the Settlement Fund Board. Plaintiffs seek to use these exhibits in support of their Motion for Approval of Partial Disbursement of Settlement Funds. Therefore, Plaintiffs now move for an order to seal the exhibits containing those documents.

## II. STATEMENT OF FACTS

On November 18, 2005, the parties entered into a Settlement Agreement (hereinafter "the Agreement"). On May 15, 2006, the Court entered its Final Order and Judgment. Accordingly, the parties proceeded, pursuant to the Agreement and Final Order and Judgment, to administer the several thousand claims made by the Settlement class.

As a result, data was compiled on the several thousand claimants, consisting of private and sensitive personal information, such as names, insurance policy numbers, claim amounts and settlement awards.

Class Counsel is now prepared to move the Court for approval of partial disbursement of the Settlement Funds. In support of their motion, Class Counsel will submit the names of those claimants whose claims have been approved or rejected as Exhibits "B" and "F."

Plaintiff seeks to have the following documents filed under seal:

- Exhibit "B" – a complete list of all claimants whose claims have been approved or rejected
- Exhibit "F" – a complete list of claimants and claims that require a further review.

The above listed documents consist of names of both claimants and insureds, policy numbers and whether these claims have been approved or rejected.

### III. ARGUMENT

LR 79-5 requires a party seeking to file a document under seal to move the Court for authorization to do so. Because the documents that are the subject of this motion contain highly private and sensitive information pertaining to the Settlement class, Plaintiffs move to have them filed under seal, as required LR 79-5.

In determining whether the strong presumption in favor of public access has been overcome, courts apply two different standards, depending upon the type of motion at issue. "'[C]ompelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, courts "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Id.* at 1180. With respect to non-dispositive motions, "a 'particularized showing,' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery materials attached to non-dispositive motions.'" *Id.* [internal citations omitted].

A dispositive motion is one in which a party requests the court to reach final judgment on an issue, multiple issues, or an entire lawsuit. *See* Black's Law Dictionary 505 (8th ed. 2004). A motion for approval of the disbursement of settlement funds is a non-dispositive motion because it does not endeavor to reach a final judgment. Therefore, Plaintiffs need only to show the requisite "good cause" under Rule 26(c). For this reason, disclosure of these documents is not appropriate and filing exhibits "B" and "F" is warranted.

The documents Plaintiffs seek to file under seal (Exhibits "B" and "F") contain private and highly sensitive information such as names of claimants, names of insured, policy numbers and the disposition of the claims. Accordingly, the

secrecy of such information should be preserved.

## IV. CONCLUSION

As there is good cause to protect the documents attached to Plaintiffs' motion as Exhibits "B" and "F", Plaintiffs respectfully request this Court to grant their application to seal documents attached as Exhibits "B" and "F" to Plaintiffs' Motion for Approval of Partial Disbursement of Settlement Funds.

DATED: November 17, 2009         KABATECK BROWN KELLNER LLP

By: _____
ARTIN GHOLIAN
Attorneys for Plaintiffs and the
Settlement Class