# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone  (213) 625-3900
Facsimile  (213) 625-1600

Mark J. Geragos, SBN 108325
Shelley Kaufman, SBN 100696
mark@geragos.com   kaufman@geragos.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck, SBN 152054
Richard Kellner SBN 171416
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010
bsk@kbklawyers.com

Attorneys for Plaintiffs and Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF LOS ANGELES

| | |
|---|---|
| OFIK KYURKJIAN, et al., individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>vs.<br>AXA, S.A., et al.,<br>Defendants. | Case No. CV 02-01750<br>c/w: CV 05-02596<br><br>**SUPPLEMENTAL STATUS REPORT RE AXA SETTLEMENT FUND** |
| VASKEN OUZOUNIAN, et al., individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>vs.<br>AXA, S.A., et al.,<br>Defendants. | *Hon. Christina A. Snyder* |

Mark J. Geragos and Brian S. Kabateck ("Reporting Counsel") respectfully submit this Supplemental Status Report Regarding the AXA Settlement Fund.

## I.  INTRODUCTION

Reporting Counsel submits this Supplemental Status Report in response to the AXA Settlement Fund Board's May 24, 2011 letter to the Court relating to Reporting Counsel's efforts to have a neutral third party step in to complete the administration, accounting and distribution of settlement funds.

The Status Report provided (1) a list of approved claimants who received their full settlement amounts (2) a list of approved claimants whose settlement checks have not cleared, and (3) a list of approved claimants who were never issued checks[1].  The purpose of Reporting Counsel's Status Report was to resolve the communication problems between the Settlement Fund Board (the "Board") and its hired Fund Administrator, and to suggest that an independent third-party administrator facilitate the remaining distribution of settlement funds.

On May 24, 2011, the Board submitted correspondence to the Court under the heading "Preliminary Report of the AXA Settlement Fund Board." The Board's correspondence essentially adopts the statistical findings contained in Reporting Counsel's May 18, 2011 Status Report, but recommends that the Court appoint a "lawyer" who will exclusively handle the distribution of the remaining settlement funds.  What is needed now is not a "lawyer" selected by the AXA Settlement Fund Board, but an independent third-party administrator to facilitate the remaining distribution of the settlement funds.

Sadly, Reporting Counsel must preemptively advise the Court that Vartkes Yeghiayan has stated his intent to re-file his *third* application to have a Special Master appointed for this case.  Reporting Counsel understands that his application has been repeatedly denied, and that it has absolutely nothing to do with Reporting

---

[1] The Status Report revealed that 74 approved claimants were issued checks that did not clear totaling $2,234,972.85.   In addition, the number of approved claimants who were never issued checks totaled 30.

Counsel's pending suggestion that an administrator be appointed to ensure the final distribution of settlement monies to class members. However, because Mr. Yeghiayan continues to pursue his baseless accusations before this Court, Reporting Counsel believed it proper to advise the Court of this development. [2]

With respect to the issue at hand, and based upon Reporting Counsel's submission and that of the AXA Settlement Board, it is clear that an "independent" third-party administrator is needed to complete the final administration and distribution of the undistributed settlement proceeds for the class.

## II.   THE BOARD'S CORRESPONDENCE PROVIDES FURTHER EVIDENCE OF THE NEED TO RETAIN AN INDEPENDENT THIRD-PARTY FUND ADMINISTRATOR

From the outset, the responsibility of providing class notice and distributing settlement funds to the approved claimants was the exclusive responsibility of the Board and its Fund Administrator. As the Court is aware, the process of distributing settlement checks and communicating with members of the class was not the responsibility of Class Counsel.

The AXA Settlement Agreement could not be clearer on this point. Paragraph XIV.B.2.a, Paragraph XVIII, and Paragraph X.B. In the Board's May 24, 2011 correspondence to the Court, the Board itself states that the "The AXA Settlement Fund Board worked in good faith to sort out the claims and verify those who deserved payment." However, regardless of the Board's claim that it worked to "sort out" the payments to approved claimants, the fact remains that (1) the Board was not actively communicating with its fund administrator (2) the Board

---

[2] Reporting Counsel also remains concerned that Mr. Yeghiayan's conduct is contrary to the representations he has made to this Court, and how his conduct adversely affects the mediation that Mr. Yeghiayan's counsel stated his client would be attending in "good faith" on June 14, 2011.

was not aware of the contents contained in its own bank records, and (3) the Board was not aware of the amount of approved claimants whose settlement checks did not clear.

Additionally, many of the comments contained in the Boards May 24, 2011 letter provide further evidence of the desirability of retaining an independent-third party administrator in this case[3].  Specifically, in its correspondence the Board complains that the task of looking through the claimant list filed under seal is too "tedious" to read through since the list was "was not in alphabetical order." As the Court is aware, it easy to extract the approved claimants from this last as their names appear next to the letter "A."

In addition, in its May 24, 2011 correspondence, the Board complains that the bank records controlled by the Fund Administrator contain the "copies of issued checks in a tiny and unreadable format."  However, the format of these bank records are presented in the standard format utilized by almost all banking institutions in the United States. Nevertheless, the bank records are accompanied by a ledger containing checks numbers and the funds that have cleared.  In fact, Reporting Counsel's May 18, 2011 Status Report utilized these very same records that the Board now claim are "unreadable."  Perplexingly, the Board gives no reason why they have waited five (5) years to monitor the accounts nor do they attempt to explain why they never sought before now to have the Settlement Administrator or Bank provide them with the records.

### III.   RETAINING AN INDEPENDENT THIRD-PARTY

---

[3] The Board's statement in its May 24, 2011, correspondence with the Court that Reporting Counsel did not provide it with the opportunity to analyze the under seal exhibits filed with Reporting Counsel's Status Report on May 18, 2011, is simply incorrect. Counsel for Reporting counsel inquired by email with the Board on May 18, 2011 as to whether they wanted to view the under seal documents. The Board to this day has never responded to that offer.

**ADMINISTRATOR IS THE SUPERIOR METHOD OF**

**DISTRIBUTING THE REMAINING SETTLEMENT FUNDS**

In the Board's May 24, 2011 correspondence, it requests that the Court permit the Board, with the assistance of a Court appointed "lawyer," to have exclusive control in distributing the remaining settlement funds to approved claimants. Quite frankly, at this point, there is no need for a lawyer to do the job customarily done by a third-party administrator.

At this stage in the case, where the only issue is how to ensure that the distribution of settlement funds to class members gets completed and properly accounted, it is clear an independent third-party administrator should be appointed. Such an administrator should possess the experience in handling complex class actions fund disbursements – which is the present need presented to the Court. The financial costs associated with retaining a third party administrator are fully justified by the benefits of ensuring that remaining settlement funds to approved claimants are distributed effectively and that the AXA Settlement Fund can be closed with dignity.

Accordingly, and in light of the Board's May 24, 2011 correspondence, Class Counsel hereby requests that the Court appoint an independent third-party administrator to be immediately retained by Class Counsel.

//

//

//

//

//

//

//

**IV.   CONCLUSION**

1    For the reasons stated in this Supplemental Status Report, Reporting

2  Counsel respectfully request that the Court appoint an independent third-party

3  administrator to handle the remaining distribution of the settlement funds.

4

5

6                                      Respectfully Submitted,

7

8

9  DATED:  May 27, 2011                 KABATECK BROWN KELLNER LLP

10

11                            By:       _____/s/_____

12                                      Brian S. Kabateck

13

14  DATED: May 27, 2011                 GERAGOS & GERAGOS, APC

15                            By:       _____/s/_____

16                                      Mark J. Geragos

17                                      Attorneys for Plaintiffs and the

18                                      Settlement Class

19

20

21

22

23

24

25

26

27

28