UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:02-cv-01750-CAS(Mcx); c/w 2:05-cv-02596-CAS(Mcx) | Date | April 21, 2014 |
|---|---|---|---|

| Title | OFIK KYURKJIAN, ET AL. V. AXA, ET AL. |
|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants

Not Present                                            Not Present

**Proceedings:**   (IN CHAMBERS): SETTLEMENT FUND BOARD'S MOTION FOR ATTORNEYS' FEES (Dkt. 301, filed February 14, 2014)

## I.   INTRODUCTION & BACKGROUND

On February 14, 2014, the Settlement Fund Board ("Board") filed a motion for attorneys' fees and costs pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2). The Board seeks fees in the amount of $18,250.00 and costs in the amount of $28,511.93, for a total of $46,761.93. On February 25, 2014, Geragos & Geragos ("G&G") and Kabateck Brown Kellner LLP ("Kabateck") filed an opposition. Dkt. 312. On February 28, 2014, the Board filed a reply. Dkt. 338. On March 31, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

Beginning with fees, Fed. R. Civ. P. 23(h) states that a "court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Although the Board are not class counsel, they argue that they are still entitled to receive fees based on the Advisory Committee notes for Rule 23(h):

> This subdivision does not undertake to create new grounds for an award of attorney fees or nontaxable costs. Instead, it applies when such awards are authorized by law or by agreement of the parties. Against that background, it provides a format for all awards of attorney fees and nontaxable costs in connection with a class action, not only the award to class counsel. In some situations, <u>there may be a basis for making an award to other counsel whose</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:02-cv-01750-CAS(Mcx); c/w 2:05-cv-02596-CAS(Mcx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | OFIK KYURKJIAN, ET AL. V. AXA, ET AL. | | |

> work produced a beneficial result for the class, such as attorneys who acted for the class before certification but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist.

Fed. R. Civ. P. 23 advisory committee's note (emphasis added). The Court agrees that Rule 23(h) authorizes the award of attorneys' fees to attorneys other than class counsel. Here, however, the Board has not shown that the fees are compensation for work that "produced a beneficial result for the class." Id. The billing records submitted by the Board indicate that the fees sought were incurred preparing for various status conference hearings and researching a never-filed motion to intervene. The Board does not point to any concrete "beneficial result" that this work produced for the class. Accordingly, the Court concludes that an award of fees would be inappropriate under Rule 23(h).

Turning to costs, the Board requests costs in the amount of $28,511.93. The bulk of the requested costs are travel costs associated with the Board member's travel to attend the April 28, 2011 status conference. The Court previously denied the Board's request for reimbursement of these costs because the Board members was neither invited to nor needed at the status conference. See Geragos Decl. Ex. B. The Court declines to revisit that conclusion now.

In addition to travel reimbursement, the Board requests costs for $3000.00 expended in secretarial costs. Board Decl. ¶ 4. The Court finds that these costs should be reimbursed pursuant to the November 2005 settlement agreement, which provides for reimbursement of "out-of-pocket expenses." See Boyd Decl. Ex. A § XIV.A.5. Beyond this $3000.00 for secretarial expenses, however, the Board does not separately tabulate its costs. As a result, the Court cannot identify what portion of the requested $28,511.93 is attributable to costs other than travel or secretarial expenses. Accordingly, the Court finds that all other requests for costs should be denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:02-cv-01750-CAS(Mcx); c/w 2:05-cv-02596-CAS(Mcx) | Date | April 21, 2014 |
|---|---|---|---|
| Title | OFIK KYURKJIAN, ET AL. V. AXA, ET AL. | | |

O

### III.   CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part the Board's motion for attorneys' fees and costs. The Board is hereby awarded $3000.00 in costs, to be disbursed from the costs fund.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |