**GERAGOS & GERAGOS**
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS, SBN 108325

Attorney for Plaintiffs and Class

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OFIK KYURKJIAN, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AXA S.A., *et al.*,<br><br>Defendants. | Case No.: 2:02-cv-01750-CAS-Mc<br>Hon. Christina A. Snyder<br><br>**OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS; DECLARATION OF MARK J. GERAGOS WITH EXHIBIT A**<br><br>Hearing Date: October 25, 2021<br>Time: 10:00 a.m.<br>Courtroom: 8D |

- 1 -
**OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

## I. INTRODUCTION

As discussed in further detail below, undersigned counsel – who served as class counsel – supports transparency in judicial proceedings. Ultimately, through further actual and legitimate meaningful meet and confer efforts, a diligent review and audit of the complete docket by class counsel on a case which was brought almost fifteen (15) years ago, and determining if intervenor Los Angeles Times should be responsible for attorneys' fees and costs in connection with its unsealing request, and through establishing detailed protocols for unsealing, undersigned counsel may ultimately not oppose in part, or in whole, the instant motion by intervenor. However, the rushed and emergency-style relief demanded by the LA Times' motion is neither warranted nor responsible and should be denied.

Here, the intervenor Los Angeles Times has made sweeping blanket requests in a fifteen (15) year old case which they, the Los Angeles Times, previously showed no interest in reporting on while the case was active. As this Court will recall, the filings in this case involved careful privacy considerations concerning personal information of class members in addition to the careful considerations around French privacy laws. Each sealing request made was particularized and made after careful deliberations. The intervenor's hastily slopped-together motion ignores the history of this case, the substantial privacy considerations at issue throughout the filings, its own failure to report on these matters or intervene when the case was active over a decade ago, and its duty to meaningfully meet and confer. This Court should deny the request without prejudice and permit all parties to set a schedule to meet and confer, to set a briefing schedule, to determine if any issues can be resolved, and to work through other considerations such as the requirement of intervenor to pay costs and fees and indemnify the parties.

## II. THE MOTION FOR INTERVENTION SHOULD BE DENIED

The motion for Intervention by the Los Angeles Times would have this Court believe that out of nowhere they have an interest in transparency in a case that accomplished much and which they have for the better part of fifteen (15) years ignored totally.

The LA Times' newfound interest in unsealing these records is peculiar except if you know other facts. For instance, almost five (5) months ago a reporter called Roman Silberfeld and asked about the sealing. That same reporter has brazenly and mistakenly written about an ex-employee of the State Bar and apparently based her and her two partners' investigation on a disgruntled State Bar employee who left in disgrace. For over eight (8) months, these reporters have tried to find a way to justify how they obtained confidential documents protected by a court order in a wrongful termination lawsuit. This is their latest gambit. The request to blanket unseal e*ssentially all* documents is not just irresponsible, but potentially illegal since it implicates both French and California law, not to mention the privacy concerns that would be implicated by unsealing such documents. The LA Times ignores that this Court found independent good cause for sealing each and every respective document. If the LA Times cared about the "public's rights" it should start by a meaningful meet-and-confer with counsel in good faith that takes into account all foreign law and personal information aspects unsealing these documents would raise. Instead, the Los Angeles Times brings this motion after a half-hearted attempt to meet and confer, giving counsel little to no time to sufficiently review and adequately consider the request as this opposition is due seven (7) days after the motion to intervene was first served on the parties.

**A. The LA Times' Rushed Attempt To Meet And Confer With All Parties Lacks Any Good Faith Under Local Rule 7-3 As It Deprived The Parties Sufficient Time To Substantively Review And Adequately Consider LA Times' Request.**

LA Times' attorney Jean-Paul Jassy's claim in its Notice of Motion to Intervene that the motion was made following a September 14th and 20th conference of counsel pursuant to Local Civil Rule ("LR") 7-3 is plainly deficient. (*See generally* Declaration of Jean-Paul Jassy "Jassy Decl.") LR 7-3 clearly states, "counsel contemplating the filing of any motion shall first contact opposing counsel to *discuss thoroughly*, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place *at least seven (7) days* prior to the filing of the motion." Mr. Jassy's Declaration admits that *no*

- 3 -

thorough discussion with *any* counsel occurred at least seven (7) days prior to filing its September 27, 2021 motion. Instead, Mr. Jassy's declaration only lists disinterested counsels' taking of no position on the motion and counsels'–whose clients will be severely impacted by the outcome of this motion—requests for more time to adequately review the sealed documents at issue in order to properly meet and confer.

On September 14, 2021, Mr. Jassy emailed the parties' counsel stating what records the LA Times sought to unseal and that the request was pursuant to the First and Fourteenth Amendments to the United States Constitution, Article 1, section 3 of the California Constitution, the common law, the Court's inherent authority, and Local Civil Rule 79-7.2 of the United States District Court for the Central District of California. (Jassy Decl., Ex. A at pg 3) He posed a single time, *only two days later*, for all parties to substantively meet and confer, September 16, 2021 at 2 p.m., with an alternative time of September 17, 2021 at 10 a.m. should counsel be unable to make the September 16th call. (*Id.*)

Mr. Silberfeld responded within an hour of Mr. Jassy's email notifying him of the meet and confer issues such short notice would have on the substantive discussion LR 7-3 required, "[s]etting a call on 2-3 days notice, given the breadth of what you're seeking, the number of parties and counsel involved and the fact that many of these matters are 8 years old appears unreasonable so please reset the call for a convenient time for everyone next week." (Jassy Decl., Ex. A at pg 2) Additionally, Mr. Silberfeld notified Mr. Jassy that he was "out of town and unavailable (due to all day commitments) to [meet and confer]" until "the first few business days [after September 19, 2021, the day of his return]." (*Id.*)

To further demonstrate the duplicitous of intervenor LA Times' and this action, the LA Times excised Mark Geragos' the undersigned counsel's prompt response to Mr. Jassy's original September 14th email that both notified the LA Times' counsel that he was unavailable to meet and confer until the week after September 20, 2021, and that the LA Times has been aware of the sealed documents it is now demanding. Shortly after Mr. Jassy's original email, on September 14th, Mr. Geragos responded,

- 4 -

"Mr. Jassy, I will be out of the Country on the 20th. I will make myself available the week after and to echo Mr Silberfeld this case is almost 15 years old and your client has been well aware of the sealed documents for months. Ask the reporters involved."

For the Court's convenience, we have attached the actual thread of this email chain as (Exhibit A).

Mr. Geragos again informed Mr. Jassy on September 17, 2021, "Jean Paul, as I noted I'm not available next week but can make myself available the following week." (Jassy Decl., Ex. A at pg 2) And again that he was unavailable for the September 16th and 17th meet and confers, "I am unavailable." (*Id.*) As of September 17, 2021, the general consensus of the parties' counsel, as reflected by Mr. Kabateck's and Mr. Geragos's email responses, was that the meet-and-confer would be rescheduled sometime following Mr. Silberfeld's return and that the LA Times' counsel would set up individual meet-and-confers for counsel should any counsel be unavailable. (*Id.*) After Mr. Geragos stated numerous times that he was and would be unavailable to meet and confer on the dates set by the LA Times' counsel, September 16, 17, and 20th, and asked Mr. Jassy if it was Mr. Jassy's intent on having separate conversations with everyone, Mr. Jassy replied back, on September 17, 2021, "No. I've now made myself open for four separate conference line meet and confers. That is more than enough good faith effort…I'd be more than happy to connect with you another time today if you'd like, but I am not going to hold up this motion." (Jassy Decl., Ex. A at pg 1) Clearly by that email, LA Times' counsel expressed that they were not interested in scheduling any other meet and confers.

### i. AXA's Meet-And-Confer

Mr. Jassy's declaration describing his meet and confer efforts with Matthew Marmalejo, counsel for AXA, is insufficient to meet LR 7-3's requirements because nowhere in his declaration does he state that he thoroughly discussed the substance of the contemplated motion and any potential resolution. In fact, Mr. Jassy's declaration states that during his September 20, 2021 phone call with AXA's counsel, AXA's counsel stated that AXA "'probably will not take a position' on the Motion, but that [it] would find out and reach out." (Jassy Decl. ¶ 5) Mr. Jassy does not state that he attempted to follow up with Mr. Marmalejo

- 5 -

before he filed his motion nor does he declare that AXA gave him a definitive answer. The meet and confer requirements of Local Rule 7-3 are in place for a reason, namely to conserve the resources of the parties and the Court by "allow[ing] for a possible informal resolution of an issue without court intervention, but also [to] enable the parties to brief the remaining disputes in a thoughtful, concise and useful manner." *Caldera v. J.M. Smucker Co.*, CV12-4936 GHK (VBKx), 2013 WL 6987905, at *1 (C.D. Cal. Jun. 3, 2013) (internal quotations omitted).

### ii. Settlement Fund Board's and Vartkes Yeghiayan's Meet-And-Confer

Mr. Jassy's declaration describing the September 20th phone call conducted by Mr. Jassy, Ms. Boyd and Mr. Silberfeld is insufficient to meet LR 7-3's requirements because nowhere in his declaration does he state that Ms. Boyd and Mr. Silberfeld thoroughly discussed the substance of the contemplated motion and any potential resolution with him. Additionally, this meet-and-confer lacks any good faith as it took place less than a week after Mr. Jassy put counsel on notice of the requested sealed documents. This Court is "unwilling to excuse noncompliance with the Local Rules" absent any evidence that there was a good faith effort to meet and confer. See *Superbalife Int'l v. Powerpay*, No. CV 08-5099 PSG, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7 2008). Given Mr. Silberfeld already flagged LA Times' counsel of the need for all parties to have sufficient time to review nearly decade-old documents that have severe privacy implications, LA Times counsel cannot say this meet-and-confer was conducted in good-faith because it was not reasonable to believe that sufficient review could be completed in that time.

Mr. Jassy met and conferred on September 20, 2021 with Lee Boyd, counsel for the Settlement Fund Board, and Mr. Silberfeld, counsel for Vartkes Yeghiayan.

Mr. Silberfeld, being counsel for Mr. Yeghiayan, an attorney directly at issue in the sealed documents requested by the LA Times' motion, stated he needed to review the relevant documents and would let Mr. Jassy know his position by Friday, September 24, 2021, *four*

- 6 -

**OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

*(4) days after* LR 7-3's deadline that substantive discussions of the motion need to take place seven (7) days prior to the filing of the motion. (Jassy Decl. ¶ 4)

The LA Times' motion conveniently glosses over why itself and the public, after nearly fifteen (15) years, would be prejudiced from allowing numerous counsel, for multiple parties, to have more time than six (6) days' time to review the relevant documents and adequately consider the LA Times' request. Instead of allowing sufficient time to meet in good faith, the LA Times brazenly rushed to file this motion.

**B. The LA Times' Argument That The Public Has A Right To Transparency In This Proceeding Is Deceiving Because The LA Times Was Aware Of This Proceeding When The Case Was Active And Chose Not To Report On It.**

The LA Times' argument hinges on a misapplication of the Ninth Circuit law. Namely, that "[o]penness in judicial proceedings 'enhances both the basic fairness of the [proceeding] and the appearance of fairness so essential to public confidence in the system,' and forms 'an indispensable predicate to free expression about the workings of government.'" *Courthouse News Service v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020) ("Planet II") (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984) ("Press-Enterprise I") and *Courthouse News Serv. v. Planet*, 750 F.3d 776, 779 (9th Cir. 2014) ("Planet I")).

Here, no basic fairness requires the requested relief given this is a fifteen (15) year-old proceeding—that has already settled years ago. The proper time to have brought this motion to intervene to unseal *essentially all* sealed documents would have been in 2005, when the very first document in the matter was sealed (ECF 28), or anytime through January of 2016.

Interestingly, the LA Times refutes its own "fairness in judicial proceeding openness" and "public's right to know" argument, as this case *was* covered by a LA Times newspaper writer, not for the LA Times, but for a newspaper, the Glendale News-Press, *nearly ten (10) years ago*.[1] It is important to note that the Los Angeles Times *owned* the Glendale News-Press

---

[1] Siegal, Daniel, Battle Between Attorneys Settled, *Glendale News-Press*, July 24, 2013 https://www.latimes.com/socal/glendale-news-press/news/tn-gnp-me-case-involving-sham-

- 7 -
**OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

from 1993 through 2020, during the entirety of this case.

In LA Times' motion to intervene, it frivolously argues that the Court should unseal the case's documents to allow the LA Times and the public to:

> "inspect the filings shedding light on the allegations that some of plaintiffs' attorneys improperly handled the Armenian Genocide survivor settlement funds and committed fraud. Likewise, unsealing these records would permit The Times and the public to learn how much the prevailing plaintiffs requested in attorneys' fees, how the Court resolved those fee claims and how those fee claims affected the amounts of money disbursed to charitable organizations and class plaintiffs."

(LA Times Motion to Intervene at pg. 3)

Indeed, the Glendale News-Press, through LA Times writer Daniel Siegal, authored and published an article in 2013 covering the very issues the LA Times raises in its motion. Specifically the article detailed Mark Geragos' and Brian Kabateck's lawsuit against their co-counsel, Vartkes Yeghiayan and Rita Mahdessian for the misappropriation of AXA's settlement fund. The newspaper reported Mr. Yeghiayan, in turn, sued them for allegedly misusing AXA's settlement fund. The newspaper further reported that the result of those two lawsuits was a third-party accounting firm handling the of payment of about $2.1 million to 159 claimants, and implementing a court-approved settlement review process. The settlement review process consisted of a third-party arbitrator reviewing all of the costs and charitable awards the attorneys claimed from the original settlement with AXA.

The LA Times author for the Glendale News Press article *did* explore the issues the LA Times is arguing now it did not have access to. Clearly the LA Times was on notice of this lawsuit, the issues therein, and decided back in 2013 that the issues did not merit any attention worthy of being published in the LA Times. To bring a motion now claiming that the public has a right to know of these issues, that have already been covered, combined with the utter lack of good faith in conferring with the parties to come to a prudent resolution is suspect at

---

charities-for-armenian-genocide-victims-dismissed-20130724-story.html (*Last visited October 4, 2021*)

- 8 -

**OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

best and should not be countenanced by this Court.

### III. CONCLUSION

The current motion for intervention should be denied. Instead, the undersigned counsel requests that the Court order the parties to meet and confer with the intervenor LA Times over the next sixty (60) days and report back in a joint report determining if any agreements can be reached regarding potential unsealing, a briefing scheduling regarding disputes relating to unsealing, whether the LA Times should be required to pay fees and costs in connection with their instant request and the review that counsel would have to undertake to ensure domestic and foreign privacy considerations are carefully considered (as LA Times' counsel has never offered to reimburse class counsel for the time incurred in properly addressing this motion), protocols relating to reviewing sealed documents and potentially unsealing documents, whether the LA Times will indemnify undersigned counsel for any inadvertent breaches of foreign privacy laws during this process, and a host of other considerations which should be addressed in a thoughtful and deliberate way and not in a rush on a case that has been inactive for many years and is fifteen (15) years old.

Alternatively, undersigned counsel requests this Court simply deny intervenor's request in full since the matters being sought have never previously been the subject of any reporting by the LA Times when the LA Times clearly had notice of the case, the case has been inactive for many years, and the sealing requests made when the case was active were carefully considered to address the privacy concerns under French and California law at that time. In either event, the motion should be denied.

**GERAGOS & GERAGOS, APC**

By: */s/Mark J. Geragos*

MARK J. GERAGOS
Attorney for Plaintiffs and Class

**OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

# DECLARATION OF MARK J. GERAGOS

I, Mark J. Geragos, declare as follows:

1. I am an attorney-at-law duly licensed to practice before all courts of the State of California. I am the Principal of the law firm of Geragos & Geragos, APC and counsel of record for plaintiffs and class members in the above-captioned matter. This Declaration is submitted in support of Plaintiffs' opposition to proposed intervenor Los Angeles Times' motion to intervene for the limited purpose of unsealing court records. The matters stated in this Declaration are true of my own personal knowledge.

2. On September 14, 2021, I sent an email to LA Times counsel, Jean-Paul Jassy in response to his email inviting counsel of record in the above-captioned matter to a Local Rule 7-3 conference. Attached to this Declaration as Exhibit A is a true and correct copy of my email correspondence with Jean-Paul Jassy, dated September 14, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles County, California on October 4, 2021.

                                                   */s/ Mark J. Geragos*
                                                     Mark J. Geragos

- 10 -

**OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS, LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

# EXHIBIT A

# EXHIBIT A

Any review or distribution by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies of this email immediately. This email does not establish an attorney-client relationship.

Virus-free. www.avast.com

**me** Sep 14
to Jean-Paul, Ana, Brian, FReinke@mayer...

Mr Jassy, I will be out of the Country on the 20th. I will make myself available the week after and to echo Mr Silberfeld this case is almost 15 years old and your client has been well aware of the sealed documents for months. Ask the reporters involved.

**Mail Delivery Subsystem** Sep 14
Message blocked Your message to FReinke@mayerbrow...

**me** Sep 15
to Alexandra

--
Geragos & Geragos

**Silberfeld, Roman M.** Sep 17
to Jean-Paul, Brian, Kirk, Shant, Ana, bfis... 

Jean-Paul,
I'm not available now on Monday at 2:30 PM because I have to step in for a colleague who had a death in the family. I can talk with you though between 930-1130 am on Monday. Please let me know if that

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On October 4, 2021, I served true copies of the following document(s) described as: **OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 4, 2021 at Los Angeles, California.

*/s/ Tony Benitez*

Tony Benitez

- 1 -
**PROOF OF SERVICE**

**SERVICE LIST**

| | |
|---|---|
| Brian S. Kabatech<br>Kabeteck Kellner LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>Email: ag@kbklawyers.com;<br>bsk@kbklawyers.com | Jean-Paul Jassy<br>Jeffrey A. Payne<br>Jassy Vick Carolan LLP<br>355 South Figueroa Street, Suite 2450<br>Los Angeles, CA 90071<br>jpjassy@jassyvick.com<br>jpayne@jassyvick.com |
| Rita Mahdessian<br>Vartkes Yeghiayan<br>Yeghiayan and Associates<br>535 N Brand Blvd., Suite 270<br>Glendale, CA 91203<br>Email: ritagik@yahoo.com;<br>vartkesy@sbcglobal.net | Jeff Glasser<br>Los Angeles Times Communications LLC<br>2300 E. Imperial Highway<br>El Segundo, CA 90245<br>Jeff.glasser@latimes.com |
| Fred W Reinke<br>Mayer Brown, LLP<br>1999 K Street, N.W.<br>Washington, DC 20006<br>Email: freinke@mayerbrown.com | Richard L Kellner<br>Kellner Law Group PC<br>1180 South Beverly Drive, Suite 610<br>Los Angeles, CA 90035<br>Email: rlk@kellnerlaw.com |
| Scott Matthew Malzahn<br>Baker Marquart LLP<br>2029 Century Park East, Suite 1600<br>Los Angeles, CA 90067<br>Email: smalzahn@bakermarquart.com | Shant Arthur Karnikian<br>Kabateck Brown Kellner LLP<br>633 W. Fifth Street, Suite 3200<br>Los Angeles, CA 90071<br>Email: sk@kbklawyers.com |
| Kathryn Lee Boyd<br>Pierce Bainbridge Beck Price Hecht LLP<br>355 South Grand Avenue, 44th Floor<br>Los Angeles, CA 99071<br>Email: lboyd@hechtpartners.com | Richard M. Steingard<br>Law Offices of Richard M. Steingard<br>800 Wilshire Boulevard, Suite 1050<br>Los Angeles, CA 90017<br>Email: rsteingard@steingardlaw.com |
| Barry A Fisher<br>Fleishman and Fisher<br>1925 Century Park East, Suite 2000<br>Los Angeles, CA 90067<br>Email: bfisher557@aol.com | Thomas S Arthur<br>Frandzel Robins Bloom and Csato LC<br>6500 Wilshire Boulevard, 17th Floor<br>Los Angeles, CA 90048<br>Email: tarthur@frandzel.com |
| Thomas M Robins, III<br>Frandzel Robins Bloom and Csato, LC<br>1000 Wilshire Boulevard, 19th Floor<br>Los Angeles, CA 90017<br>Email: trobins@frandzel.com | Michael A Geibelson<br>Roman M. Silberfeld Robins Kaplan LLP<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067<br>Email: mgeibelson@robinskaplan.com;<br>rsilberfeld@robinskaplan.com |
| Matthew Henry Marmolejo | Stephen B Sadowsky |

| Mayer Brown LLP<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071<br>Email:<br>mmarmolejo@mayerbrown.com | Law Offices of Stephen B. Sadowsky<br>3700 Lowry Road<br>Los Angeles, CA 90027<br>Email: stephensadowskylaw@gmail.com |
|---|---|

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On October 4, 2021, I served true copies of the following document(s) described as: **OPPOSITION TO PROPOSED INTERVENOR LOS ANGELES TIMES COMMUNICATIONS LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS**

on the interested parties in this action as follows:

Berj Boyajian
Boyajian & Associates
556 Chalette Dr.
Beverly Hills, CA 90210
Email: berj@boyajianfirm.com

☒ BY ELECTRONIC MAIL (E-MAIL): I caused the said document(s) to be transmitted by e-mail to the person(s) at the email address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 4, 2021 at Los Angeles, California.

*/s/ Tony Benitez*

Tony Benitez

- 1 -
**PROOF OF SERVICE**