1  GERAGOS & GERAGOS
   Mark J. Geragos, Bar No. 108325
2  mark@geragos.com
   Ben Meiselas, Bar No. 277412
3  ben@geragos.com
   644 South Figueroa Street
4  Los Angeles, CA 90017
   Telephone: 213-625-3900
5  Facsimile: 213-625-1600

6  KABATECK BROWN KELLNER LLP
   Brian S. Kabateck, Bar No. 152054
7  bsk@kbklawyers.com
   Shant A. Karnikian, Bar No. 285048
8  sk@kbklawyers.com
   644 South Figueroa Street
9  Los Angeles, CA 90017
   Telephone: 213-217-5000
10 Facsimile: 213-217-5010

11 Vartkes B. Yeghiayan, Bar No 41773
   vartkes@vylaw.com
12 THE YEGHIAYAN LAW FIRM
   535 N. Brand Blvd.
13 Glendale, CA 91203
   Telephone: 818-242-7400
14 Facsimile: 818-242-0114

15 *Attorneys for Plaintiffs and the Settlement Class*

*(Counsel continued on next page)*

**FILED**
CLERK, U.S. DISTRICT COURT

January 14, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CMJ_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFIK KYURKJIAN, *et al.*, individually and on behalf of all other similarly situated,<br><br>               Plaintiffs,<br>  v.<br>AXA, S.A., et al.,<br><br>               Defendants. | Case No. CV 02-01750 CAS (MCx)<br><br>**[PROPOSED] ORDER FOLLOWING JOINT STATUS CONFERENCE [LODGED FOR FILING UNDER SEAL]**<br><br>Date: December 10, 2013<br>Time: 12:00<br>Location: By Phone<br>Before: Hon. Christina A. Snyder |

60718774.1

[PROPOSED] ORDER AFTER DEC. 10 STATUS CONF.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Class Counsel VARTKES YEGHIAYAN

TO ALL CONCERNED PARTIES:

Having considered the Joint Status Report submitted, and the presentations of counsel, and good cause appearing,

IT IS HEREBY ORDERED as follows:

**A.** **HCVT'S Fees and Costs Through the Current Period**

The Court hereby authorizes Counsel to make payment from the AXA Settlement Account to Holthouse Carlin & Van Trigt for the professional services provided for the period from February 28, 2013 through December 5, 2013 in the sum of $10,897.24 in connection with the following: AXA claimants payment processing, contacting claimants, settlement research, preparing progress reports including settlement analysis and final settlement reporting requested by counsel.

**B.** **Resolution of Additional Claims**

With respect to the following claimants who are the sole claimants who were identified by Class Counsel as having outstanding issues to resolve, the Court orders as follows:

1. ████████████████

No payment shall be made to ████████████

2. ████████

No payment shall be made to ████████

3. ████████

The Court is informed that a check in the sum of $41,400 (Check #10078

60718774.1 - 2 -

dated 12/25/09) may have been endorsed by and deposited into an account controlled by Berj Boyajian, and that HCVT has determined that Ms. ▌ was entitled to be paid those funds. HCVT is ordered to verify whether or not Ms. ▌ in fact received the $41,400 and, if she did not, then to make payment to Ms. ▌ in that sum after making sure that a stop payment order has been placed on Check #10078. Otherwise, no further payment shall be made to ▌

4. ▌

The Court is informed that although ▌ was approved for five claims (Policy Nos. ▌, ▌, ▌, ▌, ▌) and that five checks were issued in his name, Mr. ▌ received and cashed only two checks, and that the other three (check numbers 1089, 1090, 1091) may have been improperly routed to a Boyajian Associates account. Accordingly, HCVT is ordered to verify whether or not Mr. ▌ in fact received the $51,957, and if he has not, then HCVT is ordered to make payment to Mr. ▌ in the total sum of $51,957. Class counsel should include this transaction in any Order to Show Cause directed to Mr. Boyajian.

5. ▌

The Court is informed that ▌ appears on the Approved list for a claim related to his claimed heir ▌ for Policy # ▌, and related to his claimed heir ▌ for Policy # ▌ and that the amounts related to these claims are $7,245.00 and $1,360.25, but that neither of the checks reached Mr. ▌, who was reported to have passed away in 2008. Once HCVT validates the identity of the heirs entitled to the residue of the payments owed to Mr. ▌, HCVT is ordered to make proportionate payments to them in the total sum of $8,605.25.

6. ███████████

No payment shall be made to ███████████.

7. ███████████

The Court is informed that ███████████ appears on the Approved list for a claim related to her claimed heir ███████████ and that HCVT is in the process of validating the identity of the claimant who would be entitled to the payment owed. The Court orders HCVT to make payment to her when confirmation of her identity and mailing address has been obtained.

8. ███████████

The Court is informed that ███████████ received a check from HCVT for $11,851 but is unable to cash it in Armenia, and that the payment can be effected by wire. The Court orders that a stop payment be issued for the check originally sent, and that once HCVT receives verification from the Geragos firm concerning the accuracy of the wire transfer information obtained for the claimant, that HCVT initiate a wire in final payment of the claim.

9. ███████████ & ███████████

No payment shall be made to ███████████ and ███████████.

C. **Motions for Fees and Costs, and Further Distributions to Charities**

Counsel have informed the Court of their desire to reach a stipulation concerning the payment of attorney fees for the work involved in administering the settlement that has been necessitated by the management of the claims process, and concerning the disposition of funds remaining in the AXA Settlement Trust Account(s) to charities. Counsel are ordered to meet and confer in good faith regarding these matters and, if agreement can be reached in these regards, submit a stipulation for review by the Court.

If a stipulation cannot be reached, counsel may apply to the Court for fees and for distributions to charities by filing **motions** on or before **January 31, 2014**. Any **opposition(s)** thereto shall be filed on or before **February 7, 2014**. Any **reply(-ies)** shall be filed on or before **February 14, 2014**. The motion(s) should be noticed for hearing on March 3, 2014 at 10:00 a.m.

**D.     Disposition of the Remaining funds in the AXA settlement account:**

Following the Court's ruling on the anticipated motion(s) for fees and charitable distributions referenced in Part C, above, Class Counsel shall pay the amount(s) of fees awarded by the Court and, after doing so, report the following to the Court: (a) the amount that remains in the account after the payment of the court-awarded fees, (b) the amount of each one-third share that is to be distributed by each member of the Class Counsel group (Yeghiayan, Geragos & Geragos, and Kabateck Brown Kellner LLP), and (c) the amounts from each one-third share that are to be distributed to the charities selected by those members of Class Counsel and approved by the Court.

**E.     Further Work by Class Counsel:**

Class Counsel may engage in such additional investigation and discovery as they deem necessary to trace the distribution of funds from the AXA settlement.

IT IS SO ORDERED.

DATED: January 14, 2014         By: _____
                                CHRISTINA A. SNYDER
                                Judge of the United States District Court
                                for the Central District Of California

60718774.1                          - 5 -

[PROPOSED] ORDER AFTER DEC. 10 STATUS CONF.