FREDRIC D. WOOCHER (SBN 96689)
DALE K. LARSON (SBN 266165)
JULIA MICHEL (SBN 331864)
STRUMWASSER & WOOCHER LLP
1250 Sixth Street, Suite 205
Santa Monica, California 90401
Tel: (310) 576-1233 ● Fax: (310) 319-0156
fwoocher@strumwooch.com
dlarson@strumwooch.com
jmichel@strumwooch.com

ELLIN DAVTYAN (SBN 238608)
General Counsel
ROBERT G. RETANA (SBN 148677)
Deputy General Counsel
KIRSTEN GALLER (SBN 227171)
Assistant General Counsel
Office of General Counsel
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 765-1008
ellin.davtyan@calbar.ca.gov
robert.retana@calbar.ca.gov
kirsten.galler@calbar.ca.gov

*Attorneys for Proposed Intervenor*
*The State Bar of California*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| OFIK KYURKJIAN, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AXA S.A., et al.,<br><br>Defendants. | Case No. 2:02-cv-01750 CAS-Mc<br><br>**PROPOSED INTERVENOR THE STATE BAR OF CALIFORNIA'S REPLY TO GERAGOS RESPONSE**<br><br>Hearing Date:  April 3, 2023<br>Hearing Time:  10:00 a.m.<br>Courtroom:    8D<br>Judge:        Hon. Christina A. Snyder |

Printed on Recycled Paper

*Kyurkjian, et al. vs. AXA S.A., et al.*
REPLY TO GERAGOS RESPONSE
CASE NO.: 2:02-CV-01750 CAS MC

As anticipated after a lengthy meet and confer process, no party opposed the relief that the State Bar seeks in this motion. The only "response" filed was by Class Counsel Geragos & Geragos APC ("Geragos"), who raises no objections to the three requests the State Bar of California made in its moving papers:

1. to unseal and direct the Clerk to make available to the public through PACER the specific entries that the Court previously unsealed without redactions in the Court's December 7, 2021, order (Dkt. 402);
2. to unseal and direct the Clerk to and make available to the public through PACER redacted versions of Docket Numbers 190 (with exhibits) and 364, with the same redactions that were previously ordered by the Court (Dkt. 402); and
3. to direct the Clerk to provide the State Bar with the unredacted copies of 10 specific docket entries pursuant to California Business & Professions Code section 6090.6.

Dkt. 407 at 2, 10, 22–23. Having received no objections, this Court should grant the State Bar's motion in full.

While the State Bar shared Mr. Geragos' preference for resolving this matter without Court involvement, as explained in moving papers and the declaration in support, that was not an option. Dkts. 407 at 13 and 407-1 at 5–6, 14. The documents that were ruled "unsealed" in this Court's first unsealing order (Dkt. 402) were still listed as "sealed" on Court's website and, according to a specialist in the Court's Records Department, "would require a judge's order to retrieve them." Dkt. 407-1 at 6. Likewise, the redacted versions of Dkts. 190 and 364 provided to The Los Angeles Times (see Dkt. 402) are not on the Court's public docket at all. Dkt. 407-1 at 7. The State Bar had no choice but to seek judicial relief in order to vindicate the right of access to judicial records belonging to the State Bar *and* to the public at large. Further, the passage of time since this case was filed and settled—as Mr. Geragos notes, Dkt. 408 at 9—only underscores why restricting access to the court records at issue is no longer appropriate.

2

*Kyurkjian, et al. vs. AXA S.A., et al.*
REPLY TO GERAGOS RESPONSE
CASE NO.: 2:02-cv-01750 CAS Mc

Though Mr. Geragos has stated, for the record, that he does not object to the State Bar's requests, Dkt. 408 at 2, 10, his "response" to the State Bar's moving papers includes pages and pages of discussion regarding the merits of the investigation of him and another attorney in this lawsuit. Dkt. 408 at 2, 6–10. None of Mr. Geragos' extended response has any bearing on the only limited questions before the Court: Whether it should grant the State Bar's request for limited intervention and whether it should order production and unsealing of documents as requested. Quite simply, Mr. Geragos's assertions are irrelevant to the present limited proceedings and, in any event, it would be inappropriate for the State Bar to respond to them, given that the statutory requirement of confidentiality over disciplinary investigations prior to the time of formal charges being filed. *See* Cal. Bus. & Prof. Code § 6086.1(b).

Having received no objections to the State Bar's requests, the Court should grant the State Bar's Motion in full.

Dated:   March 17, 2023

Respectfully submitted,

STRUMWASSER & WOOCHER LLP
Fredric D. Woocher
Dale K. Larson
Julia Michel

THE STATE BAR OF CALIFORNIA
Ellin Davtyan
Robert G. Retana
Kirsten Galler

BY: _____
Dale K. Larson

*Attorneys for Proposed Intervenor the State Bar of California*

3

*Kyurkjian, et al. vs. AXA S.A., et al.*
REPLY TO GERAGOS RESPONSE
CASE NO.: 2:02-cv-01750 CAS Mc